IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE HEALEY,<br>    **Plaintiff** | : <br> :   **JURY TRIAL DEMANDED** <br> : |
| v. | : |
| COUNTY OF LUZERNE<br> and, | : <br> : |
| JOCELYN BASCOMB<br>and, | : <br> : |
| HEATHER BATCHLER<br>and, | : <br> : |
| A DOE<br>and, | : <br> : |
| B DOE<br>    **Defendants** | : <br> : |

## COMPLAINT

**I.   JURISDICTION**

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and the First, Fifth and Fourteenth Amendments to the United States Constitution.

1

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343 and by pendent jurisdiction as to state law claims.

3. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00).

4. The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.     PARTIES

5. The Plaintiff, Katherine Healey, is an adult individual and a citizen of the United States and the Commonwealth of Pennsylvania and resides at 414 Parsonage Street, Pittston, Luzerne County, PA 18640.

6. Plaintiff is politically active, has been a candidate for school director for the Pittston Area School District and is currently a director for the Pittston Area School District.

7. Defendant County of Luzerne ("County") is a political subdivision of the Commonwealth of Pennsylvania with its principal office at 200 North River Street, Wilkes-Barre, Luzerne County, PA 18711, of which Luzerne County Children and Youth Services ("LCCAYS") is an agency.

8. Defendant Jocelyn Bascomb is an adult individual who, at all times material hereto was a Child Protective Services ("CPS") intake caseworker and case work investigator for LCCAYS.

9. Defendant Heather Batchler is an adult individual who, at all times material

hereto was a Child Protective Services ("CPS") intake supervisor for LCCAYS and was Defendant Bascomb's direct supervisor.

10. Defendant A Doe is an adult individual who, at all times material hereto was employed by Defendant County LCCAYS in some capacity.

11. The actual identity of Defendant A Doe is unknown to Plaintiff and will be revealed in the course of discovery, at which time Plaintiff will seek to amend her complaint accordingly.

12. Defendant B Doe is an adult individual who, at all times material hereto acted in a way to oppress Plaintiff and to violate her civil rights, as described hereafter.

13. The actual identity of Defendant B Doe is unknown to Plaintiff and will be revealed in the course of discovery, at which time Plaintiff will seek to amend her complaint accordingly.

14. At all times material hereto, Defendants acted under color of state law.

15. This action is brought against the individual Defendants in their individual and official capacities.

## III. RIGHT OF EQUITABLE RELIEF

16. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is his only means of securing adequate relief.

## IV. JURY TRIAL DEMANDED

17. Plaintiff demands trial by jury on this complaint.

## V. FACTUAL ALLEGATIONS

18. At all times material hereto, Plaintiff was employed by the Hanover Area School District as a teacher, where she had been employed for seventeen years, and as a varsity varsity softball coach.

19. On August 26, 2021, Plaintiff was informed by Nathan C. Barrett, superintendent of the Hanover Area School District ("District") that she was the subject of an investigation by LCCAYS.

20. In the written notification of the of the investigation by Superintendent Barrett, he denied that the District caused this investigation to be commenced.

21. In the written notification of the of the investigation by Superintendent Barrett, he informed Plaintiff that she was being placed on paid administrative leave effective, August 27, 2021.

22. Thereafter, Plaintiff was informed by letter from Defendants Bascomb and Batchler that LCCAYS had received a report of suspected child abuse/serious neglect regarding an identified minor child ("individual #1")

23. Plaintiff was aware only that individual #1 was a member of the Hanover Area High School varsity softball team, in the spring of 2021, of which Plaintiff had been the head coach.

4

24. The claims of child abuse/serious neglect relating to occurrences pertaining to individual #1 were made, possibly by B Doe or others, recklessly, or with the intent of depriving Plaintiff of her civil rights.

25. On October 15, 2021, at the direction of Defendant Batchler, Defendant Bascomb interviewed Plaintiff about an occurrence when individual #1 was struck by a batted ball hit by teammate at a varsity softball practice on April 28, 2021.

26. The claim of child abuse/serious neglect relating to this occurrence was entirely baseless, as was explained in detail to Defendant Bascomb at the October 15, 2021 interview.

27. Plaintiff denied that her conduct in any way constituted child abuse/serious neglect relating to this occurrence and there was not contrary evidence.

28. At the interview, Defendant Bascomb was accompanied by Hanover Township Police Detective Sgt. (now Hanover Township Chief of Police) David Lewis, per Hanover Township Police Department protocol.

29. Detective Sgt. Lewis found no basis to further investigate the report and no charges were filed against anyone pertaining to the occurrence.

30. Defendants Bascomb and Batchler knew there was no legal basis for the entry of an indicated finding of child abuse against Plaintiff.

31. Nonetheless, Defendant Bascomb, at the direction of Defendant Batchler, and at the instigation and request and/or direction of Defendants A Doe and B Doe, and in concert and by agreement with them, informed Plaintiff by telephone on October 28, 2021 that LCCAYS would be

entering a finding of indicated child abuse pertaining to the April 28, 2021 occurrence relating to the identified minor child.

32. Defendants Bascomb, Batchler, A Doe and B Doe acted in concert with intent of depriving Plaintiff of her civil rights.

33. Defendants Bascomb, Batchler, A Doe and B Doe so acted because Defendant County had failed to properly train its CPS intake caseworkers, case work investigators and supervisors so as not to deprive persons of their civil rights.

34. At some time after October 15, 2021 and before October 28, 2021, Defendants Bascomb and Batchler completed a written form CY-28 stating that finding of child abuse pertaining to the April 28, 2021 occurrence relating to individual #1 was INDICATED.

35. Immediately thereafter, Plaintiff, by and through her counsel, by letter dated and e-mailed October 28, 2021, protested the intended indicated child abuse finding as the alleged facts as reported at the interview conducted on October 15, 2021 were legally insufficient to support an indicated finding.

36. Defendant Bascomb was informed in the October 28, 2021 letter that she had the authority and the legal responsibility to withdraw this indicated finding when there is no legal and good faith basis for it and was asked to do that that time.

37 Defendant Bascomb did not respond to the October 28, 2021 letter.

38. Plaintiff's counsel protested to counsel for Defendant County on account that the alleged facts as reported at the interview conducted on October 15, 2021 were legally insufficient to support an indicated finding.

39. Thereafter, on December 10, 2021, by letter of Amanda Dorris, Director, Bureau of Policy, Programs and Operations for the ChildLine and Abuse Registry of the Office of Children, Youth and Families of the Pennsylvania Department of Human Services, Plaintiff was informed that LCCAYS had investigated the above described report and determined that was Unfounded.

40 Three days later, by letter dated December 13, 2021, Plaintiff was informed by Nathan C. Barrett, superintendent of the District that she was the subject of two more investigations by LCCAYS.

41. Plaintiff learned that these two reports pertaining to two other identified minor individuals (individuals #2 and #3) who had been members of the Hanover Area Highs School varsity softball team.

42. In the written notification of the of the investigation of these two new reports by Superintendent Barrett, he denied that the District caused this investigation to be commenced.

43. In the written notification of the of the investigation by Superintendent Barrett, he informed Plaintiff that she was being placed on paid administrative leave effective immediately.

44. Thereafter, Plaintiff was informed by letter from LCCAYS, dated December 13, 2023, that it had received a report of suspected child abuse/serious neglect regarding individual #2 from CPS Intake Caseworker Paige Sears and CPS Intake Supervisor Tannille Copp.

45    Thereafter, Plaintiff was informed by letter from Defendants Bascomb and Batchler on behalf of LCCAYS, dated December 13, 2023, that they had received a report of suspected child abuse/serious neglect regarding individual #3.

46.    Plaintiff was aware only that individuals #2 and #3 were member of the Hanover Area High School varsity softball team in the spring of 2021, of which Plaintiff had been the head coach.

47.    The claims of child abuse/serious neglect relating to occurrences pertaining to individuals #2 and #3 were entirely baseless.

48.    The claims of child abuse/serious neglect relating to occurrences pertaining to individuals #1 and #2 were made, possibly by B Doe or others, recklessly, or with the intent of depriving Plaintiff of her civil rights.

49.    By letters dated January 11, Plaintiff was informed that the cases involving both individual #1 and individual #2 had been closed by LCCAYS "as there is no current evidence of child abuse or neglect that would warrant [the] agency's further involvement..."

50. By letter of Amanda Dorris, Director, Bureau of Policy, Programs and Operations for the ChildLine and Abuse Registry of the Office of Children, Youth and Families of the Pennsylvania Department of Human Services, dated February 22, 2022 Plaintiff was informed that Luzerne County had submitted an amended investigation report correcting the status of the report pertaining to individual #1 from Unfounded to Indicated.

51. Enclosed with February 22, 2022 letter of Ms. Dorris were the corrected notification letter and a copy of the CY 48 with the proposed indicated finding, which report was dated October 21, 2021.

52. Upon information and belief, the notification of the February 22, 2022 indicated finding was provided to the Hanover Area School District.

53. Neither LCCAYS nor the Office of Children, Youth and Families provided "appropriate notice to the subjects [the Plaintiff] of the report" of the proposed amendment and without showing "good cause" for the amendment, as required by 23 Pa.C.S. §6341(a)(1), before issuing the amended indicated finding.

54. The CY 48 report transmitted with February 22, 2022 letter of Ms. Dorris was not the same CY 48 report upon which the Unfounded report of December 13, 2021 was based.

55. The CY 48 report transmitted with February 22, 2022 letter of Ms. Dorris was an alteration of the CY 48 report upon which the Unfounded report of December 13, 2021 was based.

56. Plaintiff's counsel immediately contacted the Bureau of Policy, Programs and Operations and confirmed that this office had, and was maintaining, the documentation upon which the December 13, 2021 Unfounded Report was based.

57. The Bureau of Policy, Programs and Operations advised counsel for Plaintiff the LCCAYS also possessed this documentation and advised that it should be requested from LCCAYS.

58. By letter dated March 2, 2022, counsel for Plaintiff made this request of John Alunni, then Acting Director of LCCAYS.

59. LCCAYS has not provided the requested documentation, including that which would provide explanation for the change of the finding from Unfounded to Indicated.

60. On March 9, 2021, Counsel for Plaintiff received notification from counsel for Defendant County that the outcome of the matter pertaining to individual #1 had been changed to UNFOUNDED.

61. By letter dated March 11, 2022 from Amanda Dorris, Director, Bureau of Policy, Programs and Operations for the ChildLine and Abuse Registry of the Office of Children, Youth and Families of the Pennsylvania Department of Human Services, Plaintiff was informed that LCCAYS had notified it that it had changed the final status of the child abuse report relating to individual #1 to Unfounded.

62  Plaintiff has never received any explanation for the initial conversion of the Unfounded finding of December 13, 2021 to the indicated finding of February 22, 2022.

63. Based upon information and belief, Defendants Bascomb and Batchler, in concert with Defendants A Doe and B Doe caused the alteration of documentation of original Unfounded finding of LCCAYS of December 13, 2021 to Indicated.

64. Defendants Bascomb, Batchler, A Doe and B Doe were aware of the Unfounded finding of LCCAYS dated December 13, 2021 when they caused it to be altered and resent to the

Bureau of Policy, Programs and Operations, intending to wrongfully and illegally countermand the final action of LCCAYS and to deprive Plaintiff of her civil rights.

65.. The actions taken by the Defendants were intend to cause harm to Plaintiff in her political activity.

66. The actions taken by the Defendants have deprived Plaintiff of her right of due process with respect to her liberty interests guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

67. The aforesaid acts of the Defendants have caused great harm, inconvenience, reputational damage and emotional distress to Plaintiff.

68. The Individual Defendants knowingly and maliciously deprived Plaintiff of her civil rights to and the actions taken by the Defendant as described herein were willful, deliberate, intentional, reckless, outrageous and performed with an extreme indifference to the rights of the Plaintiff.

### Count I

### 42 U.S.C. §§1983

### Fifth and Fourteenth Amendments to the United States Constitution

### Civil Conspiracy

### Defendants Bascomb, Batchler, A Doe and B Doe

69. Paragraphs 1 through 68 of this Complaint are incorporated herein by reference as though set forth in full.

11

70. Defendants combined to do the unlawful act of denying Plaintiff's right to due process, as herein described, by acting concert and making an agreement to deprive Plaintiff of her constitutional rights of free speech and liberty by falsely, intentional and maliciously have an Unfounded finding converted to an Indicated finding without observing due process of law.

WHEREFORE, Plaintiff demand judgment against the Defendants and prays:

   a. That this Honorable Court enter a judgment against the Defendants declaring that they violated Plainitff's constitutional rights;

   b. That this Honorable Court enter a permanent injunction against the Defendants enjoining them from retaliating against the Plaintiff for filing this action as vindication of her Constitutional rights;

   c. That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

   d. That this Honorable Court order the individual Defendants to pay the Plaintiff punitive damages;

   e. That this Honorable Court order the Defendants to pay Plaintiffs' reasonable attorneys' fees and costs in pursuit of this action;

f.. That this Honorable Court award such other relief as may be just and equitable.

## COUNT II
### First, Fifth and Fourteenth Amendments
### To the United States Constitution by and through
### 42 U.S.C. §1983
### Against Defendant County and Individual Defendants in their Individual Capacities
### Substantive Due Process

71   Paragraphs 1 through 70 of this Complaint are incorporated herein by reference as though set forth in full.

72.   Defendants deprived Plaintiff of her liberty interest by having entered against her an indicated finding of child abuse by illegally converting an Unfounded finding of child abuse to indicated.

73.   The acts of Defendants deprived Plaintiff of his protected liberty interest under the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Defendants and prays:

a.   That this Honorable Court enter a judgment against the Defendants declaring that they violated Plainitff's constitutional rights;

b. That this Honorable Court enter a permanent injunction against the Defendants enjoining them from retaliating against the Plaintiff for filing this action as vindication of her Constitutional rights;

c. That this Honorable Court order the Defendants to pay Plaintiff compensatory damages;

d. That this Honorable Court order the individual Defendants to pay the Plaintiff punitive damages; and

e. That this Honorable Court order the Defendants to pay Plaintiffs' reasonable attorneys' fees and costs in pursuit of this action;

## COUNT III

### First, Fifth and Fourteenth Amendments
### To the United States Constitution by and through
### 42 U.S.C. §1983

### Against Defendant County and Individual Defendants in their Individual Capacities
### Pre-Deprivation Due Process

74. Paragraphs 1 through 73 of this Complaint are incorporated herein by reference as though set forth in full.

75 Defendants deprived Plaintiff of her liberty interest by having entered against her an indicated finding of child abuse by illegally converting an Unfounded finding of child abuse to indicated without due process of law.

## COUNT IV

### Against Individual Defendants in their Individual Capacities
### Intentional Infliction of Emotional Distress

76. Paragraphs 1 through 75 are incorporated herein by reference as though set forth in full.

77. Defendants, by their extreme and outrageous conduct, intentionally caused Plaintiff to suffer severe emotional distress.

78. Defendants' actions constituted willful misconduct on their part.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants and prays:

a. That this Honorable Court order the individual Defendants to pay Plaintiff compensatory damages;

b. That this Honorable Court order the individual Defendants to pay Plaintiff punitive damages;

c. That this Honorable Court award such other relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, L.L.P.

/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
69 Public Square, 11th Floor
Wilkes-Barre, PA  18701
Attorney ID #23673
(570) 822-3311
(570) 822-9894 (Fax)
Attorney for the Plaintiff

## VERIFICATION

I, Katherine Healey, verify that the averments made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

*Katherine Healey*
Katherine Healey

Date: 8/24/2023